# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2022

Lyle W. Cayce
Clerk

No. 22-10350
Summary Calendar

────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Bonerge Benitez-Marquez,

*Defendant—Appellant*.

────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-65-1

────────

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Bonerge Benitez-Marquez pleaded guilty to illegal reentry following removal and was sentenced within the advisory guidelines range to 37 months in prison. He asserts that his sentence exceeds the statutory maximum term of imprisonment under 8 U.S.C. § 1326(a) and contends that his indictment

───────────

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10350

did not allege an offense punishable pursuant to § 1326(b) because it failed to identify a previous conviction. He suggests that § 1326(b) is unconstitutional because it allows the imposition of a sentence above the otherwise applicable statutory maximum established by § 1326(a) based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt.

Benitez-Marquez concedes that his claim is foreclosed and states that he wishes to preserve it for further review. The Government has moved for summary affirmance or, alternatively, for an extension of time to file a brief.

The parties are correct that the issue raised on appeal is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Summary affirmance thus is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.